UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERESA L., | CASE NO. 2:20-cv-01752-DWC |
| Plaintiff, | |
| v. | ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |
| ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of defendant's denial of plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2. Plaintiff has filed an Opening Brief, and defendant has filed a Responsive Brief requesting remand. *See* Dkts. 13, 18.

The parties agree that aspects of this matter were incorrectly decided by the Administrative Law Judge, such as the medical opinion evidence regarding plaintiff's narcolepsy

and need for naps. However, plaintiff has not demonstrated that extraordinary circumstances exist in this matter requiring that this matter be reversed and remanded with a direction to award benefits or that further administrative proceedings would not be useful. Therefore, this matter shall be reversed and remanded for further administrative proceedings, not with a direction to award benefits.

## FACTUAL AND PROCEDURAL HISTORY

On January 24, 2017, plaintiff filed applications for DIB and SSI, alleging disability as of August 1, 2016. *See* Dkt. 11, Administrative Record ("AR"), p. 20. The applications were denied on initial administrative review and on reconsideration. *See* AR 20. A hearing was held before Administrative Law Judge MJ Adams ("the ALJ") on February 18, 2020. *See* AR 42-90. In a decision dated March 02, 2020, the ALJ determined plaintiff to be not disabled. *See* AR 17-42. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481.

In the Response Brief, defendant concedes that the ALJ erred when evaluating the opinion evidence and when relying on vocational expert testimony. "Response," Dkt. 18, p. 2. Plaintiff, in her Opening Brief, argues that there is no useful purpose in a remand, and this Court should direct the award of benefits. Open, Dkt. 13, p. 14. Plaintiff did not reply to the Response.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

### I.   Whether the ALJ erred when evaluating the medical evidence

Defendant concedes that the ALJ erred when evaluating the medical opinion evidence in determining the Residual Functional Capacity ("RFC") and subsequently when relying on vocational expert testimony at Step Five in the written decision where the Administration carries the burden. *See* Response, Dkt. 18, p. 2; *see also* AR 34-35. Plaintiff, in her Opening Brief, argues that there is no useful purpose in a remand, and this Court should direct the award of benefits. Open, Dkt. 13, p. 14. Plaintiff did not reply to the Response.

Regarding the conceded issue of the medical evidence, "plaintiff argues the ALJ failed to include off task and absences due to plaintiff's need to take scheduled naps during the day as instructed by her treating provider." Open, Dkt. 13, pp. 9-10 (citing AR 545); *see also id.* (citing AR 634) ("In 2009 Dr. Frazer diagnosed plaintiff's symptoms as consistent with narcolepsy based on a multiple sleep latency test, recommended treatment that included in addition to medication, 'a scheduled map of 10-20 minutes twice a day around 10am and 2pm, good sleep hygiene as well as sleeping for at least 8 ½ hours during the night'") (footnotes omitted))

The record reflects plaintiff being "instructed to use scheduled naps as needed for drowsiness safety," by Dr. Robert Reyna, MD, for example. *See* AR 540.

In contrast, in the written decision, the ALJ does not appear to have adopted the treating physician's opinion regarding off task and/or taking scheduled naps. *See* AR 27. Indeed, the ALJ instead relies on the opinions of the State Agency consulting doctors, who reviewed the record but did not examine plaintiff. *See* AR 33-34 ("With respect to [plaintiff's] physical functioning, I give

significant weight to the June 2017 and November 2017 State Agency opinions of Wayne Hurley, MD and Norman Staley, MD (internal citations to 3A/8-9 (AR 100-101), 7A/9-11 (AR 131-33) (other internal citations omitted))).

Drs. Hurley and Staley provided opinions that do not appear to be consistent with the medical opinion of at least one of plaintiff's treating physicians. *See id;* AR 540 ("instructed to use scheduled naps"); *see also* AR 100-101 ("normal breaks"), AR 131-33 ("normal breaks").

II.     **Whether this Court should reverse with a direction to award benefits or for further administrative proceedings**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one that an ALJ has erred, (not harmless error), the Court next should "turn to the question whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the record is free from relevant conflicts. *See id*.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence on a potentially dispositive issue. Therefore, this matter should be reversed and remanded for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

## CONCLUSION

Based on the foregoing reasons, the Court hereby agrees with defendant's concession that the ALJ improperly concluded plaintiff was not disabled and that this matter should be remanded for further administrative proceedings.

Accordingly, defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 17th day of August, 2021.

David W. Christel
United States Magistrate Judge